[No. 9911. Department Two.—September 28, 1885.]

LEWIN, RESPONDENT, v. W. E. HOPPING, APPELLANT.

TRANSFER OF PERSONAL PROPERTY — CONSIDERATION — CHANGE OF POSSESSION. — A transfer of personal property, in consideration of a promise by the transferee to use it for a public purpose, in such a manner that the transferrer will derive pecuniary profit from its use, is good as against the creditors of the transferrer, if accompanied by an actual, immediate, and continued change of possession.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Clay W. Taylor*, and *L. W. Frisbie*, for Appellant.

*Edward Sweeney*, and *Chipman & Garter*, for Respondent.

FOOTE, C. — Action of claim and delivery. The plaintiff obtained judgment for the return of a certain wire rope, or its value, which had been seized in attachment by the defendant, as sheriff of Shasta County, at the suit of Chappel and Houston against one Joseph Waugh.

It appears that the plaintiff, being requested by a large number of the citizens of that county, had raised money by subscription from divers individuals, to complete a road to a certain point on the Sacramento River. That as an incident to that object, and as a part of the scheme, it was found advantageous to establish a ferry across said river at a place where a railroad could be reached, and this was where one Waugh kept a hotel. He possessed a certain wire rope, suitable for such a purpose, and Lewin visited him and proposed to obtain it from him (on

his own behalf and that of these public-spirited citizens) as an aid to accomplish the end in view.

Waugh, for the consideration that his hotel would thereby receive increased patronage from the traveling public, and himself derive pecuniary benefit, and that a boat would be built by Lewin and those he represented, so that a ferry would be established, agreed to let the rope be used as desired by Lewin, and to make a permanent transfer of it for that express purpose. This he at once did, giving a written order therefor to Lewin, who took possession and control of and removed it to a warehouse, and left it there subject to his disposition. It remained in this situation for nearly a month before it was seized in attachment.

Some days after this transfer, but before the attachment levy, the board of supervisors of Shasta County subscribed $300 towards aiding in the establishment of the ferry as a free and public one, and made an order, upon a petition of certain citizens asking that such a one be established at that point, that the franchise should be granted as prayed for, but for the convenience of having some individual to take out a license, they gave it to Waugh, although he had not petitioned therefor. Lewin had possession all this time of the rope, and was proceeding to get the ferry ready for use when the attachment was levied on the property in dispute, and although he claimed it as his own, it was taken and is still withheld from him, and he instituted this action to recover it.

It is urged by the appellant that Lewin had no title or right of possession to the property; that it was a gift from Waugh to unknown persons, and in fraud of the rights of creditors.

The intention of the parties to this transaction, as gathered from the evidence, was to establish a ferry at a given point, from which mutual benefits would flow to them. Lewin was one of a number of persons who, although their names are undisclosed, it would seem could easily be identified, who upon their part had agreed to use their money in building a boat, and preparing the other things necessary to carry on the ferry as a free and public one. This agreement being communicated to Waugh, he, because of the promise on their part to fulfill it, and because he expected to realize pecuniary profit therefrom, trans-

ferred to the possession and control of Lewin, for the purpose specified, the custody, control of, and property in the rope. To his title and right of possession, no condition, mutual or precedent, was expressly attached, but actual, immediate, and continued change of possession was given him of the property, and such possession was maintained up to the time of the levy of the attachment, a period of nearly a month.

According to the testimony of Lewin, which is undisputed, he, for himself and those acting with him, was proceeding with "the erection of the ferry" at the time the defendant made the seizure in attachment.

It would seem, therefore, as if between Waugh and the plaintiff and those acting with him, the conditions of the transfer were being complied with, that the consideration for it was sufficient, and that there was no fraud or attempt to hinder or delay creditors shown by the record; and that Waugh had parted with his title and right of possession to the property in good faith, and in such manner as to bar him from bringing an action of claim and delivery against the plaintiff.

The findings are sufficient and are supported by the evidence.

There is no error shown by the record, and the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are affirmed.